in the event a determination so warrants. The facts as averred in appellant's affidavit are undenied. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

FREDA SPEAR, Appellant, v. ADOLPH R. GRAINE, Respondent.— Order reversed on the law and the facts, without costs, and motion granted to the extent of granting a new trial, pursuant to the provisions of section 549 of the Civil Practice Act. The court treats the application as one for a new trial only, and, under all the circumstances, is of opinion that a new trial should be granted. Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ., concur.

W. F. CONSTRUCTION CORPORATION, Respondent, v. CHARLES W. HANSON, Individually and as President of the District Council of New York City of the United Brotherhood of Carpenters and Joiners of America, Appellant. (Action No. 1.) — In an action to enjoin the defendant from refusing to permit union carpenters to accept employment on work contracted to be performed by the plaintiff corporation, a temporary injunction was granted. The defendant appeals. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The right of the union to enforce its by-laws does not depend solely upon the definition of the so-called " lumping " practice nor whether the plaintiff followed such practice. It is expressly provided that union members may not work on jobs contracted to be performed without the furnishing of supplies and materials; and it is not within the discretion of the court to enjoin the maintenance or enforcement of proper rules. Lazansky, P. J., Hagarty and Adel, JJ., concur; Davis and Taylor, JJ., dissent and vote to affirm. It was a discretionary order based upon a sufficient inquiry into the facts.

W. F. CONSTRUCTION CORPORATION, Respondent, v. CHARLES W. HANSON, Individually and as President of the District Council of New York City of the United Brotherhood of Carpenters and Joiners of America, Appellant. (Action No. 2.) — In an action to enjoin the defendant from refusing to permit union carpenters to accept employment on work contracted to be performed by the plaintiff corporation, a temporary injunction was granted. The defendant appeals. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The right of the union to enforce its by-laws does not depend solely upon the definition of the so-called " lumping " practice nor whether the plaintiff followed such practice. It is expressly provided that union members may not work on jobs contracted to be performed without the furnishing of supplies and materials; and it is not within the discretion of the court to enjoin the maintenance or enforcement of proper rules. Lazansky, P. J., Hagarty and Adel, JJ., concur; Davis and Taylor, JJ., dissent and vote to affirm. It was a discretionary order based upon a sufficient inquiry into the facts.

HENRY ZARLING, as Administrator, etc., of KATHERINE ZARLING, Deceased, Respondent, v. MONARD FLYERS, INC., Appellant. — Order granting plaintiff's motion for a bill of particulars, in so far as appealed from, affirmed, with ten dollars costs and disbursements. If defendant be unable to furnish such particulars, let it so state under oath. The particulars or the statement in lieu thereof is to be furnished within five days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.